IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **RODOLFO ROSA,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:23-cv-129-ALM-KPJ |
| | § | |
| **BRENT HILL,** *et al.*, | § | |
| | § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court are the following motions:

- Defendant Bruce McFarling's ("Judge McFarling") Motion to Dismiss (the "First Motion to Dismiss") (Dkt. 18), to which Plaintiff Rodolfo Rosa ("Plaintiff") filed a response (Dkt. 21), and Judge McFarling filed a reply (Dkt. 22); and

- Defendant Tracy Murphee's ("Sheriff Murphree")[1] Motion to Dismiss (the "Second Motion to Dismiss") (Dkt. 27) (collectively, the "Motions to Dismiss") (Dkts. 18; 27), to which Plaintiff filed a response (Dkt. 31), Sheriff Murphree filed a reply (Dkt. 33) and an amended reply (Dkt. 35), and Plaintiff filed a sur-reply (Dkt. 36).

For the reasons that follow, the Court recommends that the Motions to Dismiss (Dkts. 18; 27) be **GRANTED**.

## I.   BACKGROUND

On February 17, 2023, Plaintiff, proceeding *pro se*, initiated this lawsuit by filing a complaint (the "Complaint") (Dkt. 1) against Judge McFarling arising out of a child support enforcement action (the "State Court Action"), wherein Judge McFarling held Plaintiff in

---

[1] The Court notes that the Sheriff of Denton County is "Tracy Murphree" not "Tracy Murphee" as Plaintiff improperly names him.

1

contempt for failing to make child support payments. *See* Dkt. 1 at 1–3.² According to Plaintiff, all of Judge McFarling's "actions/order or judgments" are "void at this juncture due to Lack [sic] of person-um [sic] jurisdiction, subject matter jurisdiction, improper venue[,] and due process violations." *Id.* at 3–4. Thus, Plaintiff asked the Court to have the State Court Action "dismissed/vacated with prejudice, all arrears voided, fix plaintiffs [sic] credit report and judgment voided AB INITO [sic], plaintiffs [sic] drivers [sic] license restored, [and] Issue [sic] plaintiff a [sic] order in writing of all above actions." *Id.* at 40. That same day, Plaintiff filed the Motion to Proceed in Forma Pauperis (Dkt. 3). *See* Dkt. 3.

On May 17, 2023, the Court granted the Motion to Proceed in Forma Pauperis (Dkt. 3) and screened Plaintiff's claims pursuant to 28 U.S.C. § 1915, wherein the Court found that the Complaint (Dkt. 1) was deficient for several reasons. *See* Dkt. 4 at 6–8. First, the Court found that Plaintiff's claims appeared to be barred by the *Rooker-Feldman* doctrine because Plaintiff sought to reverse decisions made in the State Court Action. *See id.* at 6. Second, the Court found that Plaintiff's claims appeared to be barred by the *Heck* doctrine "[t]o the extent Plaintiff [attacked] his state court conviction." *Id.* at 7. Finally, the Court found that Plaintiff appeared "to make conclusory allegations unrelated to the present case" and, thus, "failed to state a claim." *Id.* at 8. However, recognizing that Plaintiff is proceeding *pro se*, the Court afforded Plaintiff an opportunity to file an amended complaint to avoid dismissal. *Id.* at 8–9. The Court further instructed that any amended complaint must set forth:

(1) the basis for the Court's jurisdiction over this case;

---

² Most of the Complaint (Dkt. 1) is incomprehensible nonsense based on "legally frivolous" and "indisputably meritless" theories deriving from the sovereign citizen movement. *See, e.g.*, *Westfall v. Davis*, No. 18-cv-23, 2018 WL 2422058, at *2 (N.D. Tex. May 4, 2018), *R. & R. adopted*, 2018 WL 2414794 (N.D. Tex. May 29, 2018); *see also Wirsche v. Bank of Am., N.A.*, No. 13-cv-528, 2013 WL 6564657, at *2 (S.D. Tex. Dec. 13, 2013) ("These teachings have never worked in a court of law—not a single time.").

2

(2) the statutory and factual basis for each claim asserted in this case, including allegations that specify [Judge McFarling's] alleged wrongful acts; and

(3) the relief sought in connection with the claims asserted.

*Id.* at 9. Furthermore, the Court instructed Plaintiff that the "amended complaint, if any, should include the entirety of Plaintiff's allegations against [Judge McFarling], as an amended complaint supersedes and takes the place of all other previously filed complaints." *Id.*

On June 30, 2023, Plaintiff filed an amended complaint (the "First Amended Complaint") (Dkt. 10), wherein Plaintiff added Brent Hill ("Mr. Hill"), his attorney during the State Court Action, and Sheriff Murphree, the Sheriff of Denton County (together with Judge McFarling, "Defendants"), as defendants to this lawsuit. *See* Dkt. 10 at 1. Plaintiff alleges that, on June 25, 2021, he was "kidnapped and arrested" by Sheriff Murphree. *Id.* at 15. Plaintiff further alleges that, due to this arrest, he lost his "property" and "employment" and "spent more than 210 days" in the custody of the United States Immigration and Customs Enforcement ("ICE"). *Id.* Plaintiff also alleges that Judge McFarling and Sheriff Murphree "conspired" to keep him imprisoned for thirteen months while Mr. Hill "did nothing to stop this case." *Id.* Based on these factual allegations, Plaintiff asserts nineteen claims against Mr. Hill, Judge McFarling, and Sheriff Murphree, and one additional claim against Judge McFarling and Sheriff Murphree, each of which arise under 42 U.S.C. §§ 1983, 1985, the Texas Civil Rights Act, or state tort law. *See id.* at 16–31. Plaintiff seeks ten million dollars in "compensatory and general damages," ten million dollars in "punitive or exemplary damages," as well as costs and attorney fees.[3] *Id.* at 32.

---

[3] Given that Plaintiff is proceeding *pro se*, he cannot recover attorney fees. *See, e.g.*, *Danial v. Daniels*, 162 F. App'x 288, 291 (5th Cir. 2006) ("Attorney's fees are not available to a non-attorney *pro se* litigant." (citing *McLean v. Int'l Harvester Co.*, 902 F.2d 372, 373 (5th Cir. 1990))).

## II. LEGAL ANALYSIS

### A. Jurisdictional Challenges

In the Motions to Dismiss (Dkts. 18; 27), Judge McFarling and Sherriff Murphree lodge several jurisdictional challenges. *See* Dkts. 18; 27. Because "challenges to subject-matter jurisdiction" must be addressed "before reaching the merits of a case," the Court considers these arguments at the threshold. *See Burciaga v. Deutsche Bank Nat'l Tr. Co.*, 871 F.3d 380, 384 (5th Cir. 2017) (citing *Del-Ray Battery Co. v. Douglas Battery Co.*, 635 F.3d 725, 729 (5th Cir. 2011)). The Court then turns to the substantive arguments raised by the parties.

#### 1. Justiciable Controversy

Judge McFarling argues that "Plaintiff does not present a justiciable controversy" because any alleged conduct was taken "in his adjudicatory capacity." Dkt. 18 at 4. According to Judge McFarling, holding Plaintiff in contempt is plainly a judicial act and, thus, "it is indisputable that Plaintiff does not present a justiciable controversy with respect to Judge McFarling." *Id.* at 4–5. This argument is meritless.

"[I]t is well established that judges acting in their adjudicatory capacity are not proper [§] 1983 defendants in a challenge to the constitutionality of state law." *See Whole Woman's Health v. Jackson*, 13 F.4th 434, 443 (5th Cir. 2021) (first citing *Bauer v. Texas*, 341 F.3d 352, 359 (5th Cir. 2003); then citing *Just. Network Inc. v. Craighead County*, 931 F.3d 753, 763 (8th Cir. 2019); and then citing *Allen v. DeBello*, 861 F.3d 433, 440 (3d Cir. 2017)). This is so because judges applying state law "are disinterested neutrals who lack a personal interest in the outcome of the controversy"; that is, judges ordinarily have no stake in whether a statute is ultimately stricken as unconstitutional. *See id.* at 444; *Machetta v. Moren*, 726 F. App'x 219, 220 (5th Cir. 2018) ("A judge acting purely in her 'adjudicative capacity' is not a proper party to a

4

lawsuit challenging a state law because the judge, unlike the legislature or state attorney general, has no personal interest in defending the law." (quoting *Bauer*, 341 F.3d at 359)).

In the present case, Plaintiff is not challenging the constitutionality of any state law. *See* Dkt. 10. Rather, Plaintiff seeks monetary damages for Judge McFarling's alleged violation of his constitutional rights. *See id.* at 32. Thus, because Judge McFarling is the actor in the alleged violation of Plaintiff's rights, and not a neutral intermediary applying a challenged statute, he is a proper party to this lawsuit. *See Caliste v. Cantrell*, No. 17-6197, 2017 WL 6344152, at *3 (E.D. La. Dec. 12, 2017); *cf. Hudnall v. Texas*, No. 22-cv-36, 2022 WL 3219423, at *7 (W.D. Tex. Aug. 9, 2022) (presuming the judge was a proper party and addressing the "remaining arguments" because the plaintiff was "not challenging a state law's constitutionality" and "primarily [sought] monetary damages" (citations omitted)), *R. & R. adopted*, 2022 WL 4077334 (W.D. Tex. Aug. 30, 2022).

### 2. Standing

In a related argument, Judge McFarling contends that Plaintiff lacks standing to bring this lawsuit because a favorable judicial decision would not redress his alleged injuries. *See* Dkt. 18 at 4–5. Specifically, Judge McFarling argues that "[m]onetary damages are unavailable because of judicial immunity," and, thus, Plaintiff cannot recover. *See id.* at 5. Once again, this argument is without merit.

The "judicial Power" of federal courts is limited to "Cases" or "Controversies." U.S. CONST. art. III, § 2, cl. 1. Several doctrines of justiciability flow from this provision, including standing. Standing "limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (first citing *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 473 (1982); and then citing *Warth v. Seldin*, 422 U.S. 490, 498–99 (1975)). At an "irreducible

5

constitutional minimum," standing requires the plaintiff to have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* (cleaned up).

In the present case, Judge McFarling presumes the impossibility of a favorable judicial decision and, therefore, confuses the merits of the claims with the standing to bring them in the first place. *See* 13A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3531 (3d ed. 2024) ("A sufficient allegation of injury establishes standing to win a determination whether the law affords redress for that injury."). Crediting Judge McFarling's interpretation of standing would render judicial immunity largely nugatory. Furthermore, Judge McFarling's theory is contrary to Fifth Circuit authority. For example, in *Ballard v. Wall*, 413 F.3d 510 (5th Cir. 2005), a plaintiff sued a judge asserting claims under § 1983 and seeking "compensatory and exemplary damages, as well as attorney's fees for the deprivation of his civil rights." *Id.* at 514. The judge raised judicial immunity, and the district court dismissed the plaintiff's claims on that basis. *Id.* On appeal, the Fifth Circuit affirmed the dismissal (based on judicial immunity) without raising standing—even though the plaintiff sought monetary damages. *Id.* at 517–18. Thus, Judge McFarling's interpretation of standing, for which he cites no applicable authority, is erroneous.

### 3. *Rooker-Feldman*

Judge McFarling and Sheriff Murphree both argue that Plaintiff's claims are barred by the *Rooker-Feldman* doctrine; that is, because Plaintiff's claims are based on his arrest and confinement pursuant to a contempt order in the State Court Action, they are "inextricably intertwined" with that contempt order. *See* Dkts. 18 at 7–8; 27 at 8. The Court agrees in part and concludes that some of Plaintiff's claims are barred by the *Rooker-Feldman* doctrine.

The Supreme Court is the only federal court with jurisdiction to reverse or modify state court judgments. *See* 28 U.S.C. § 1257. Thus, "[t]he *Rooker-Feldman* doctrine provides that 'federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts.'" *Mosley v. Bowie County*, 275 F. App'x 327, 329 (5th Cir. 2008) (quoting *Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000)). In other words, the *Rooker-Feldman* doctrine bars lower federal courts from considering "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

      **i.**      **Final Order**

The *Rooker-Feldman* doctrine only precludes lower federal courts from reviewing "final orders of state courts." *See Mosley*, 275 F. App'x at 329 (quoting *Weekly*, 204 F.3d at 615). Under Texas law, an order holding a party in contempt is a "judgment," which "cannot be reviewed on direct appeal," and instead "must be reviewed through either a petition for writ of habeas corpus if the contemnor is confined, or a petition for writ of mandamus if the contemnor is not confined." *In re C.C.E.*, No. 04-20-416-CV, 2021 WL 3173913, at *2 (Tex. App.—San Antonio July 28, 2021) (mem. op.) (citing *Cline v. Cline*, 557 S.W.3d 810, 812 (Tex. App.—Houston [1st Dist.] 2018, no pet.)). Defendant was held in contempt, arrested, and filed a petition for habeas corpus (which was denied) in 2021—long before the present case was initiated. *See In re Rosa*, No. 02-21-302-CV, 2021 WL 4352380, at *1 (Tex. App.—Fort Worth Sept. 24, 2021) (mem. op.); *see*

7

*also* Dkt. 10 at 15 ("I was denied the writ of [h]abeas corpus without an explanation."). Thus, the contempt order is a "final order" within the meaning of the *Rooker-Feldman* doctrine.[4]

### ii. Independent Claims or Inextricably Intertwined

"[I]n addition to the precise claims presented to the state court, *Rooker-Feldman* prohibits federal court review of claims that are 'inextricably intertwined' with a state court decision." *Uptown Grill, L.L.C. v. Camellia Grill Holdings, Inc.*, 46 F.4th 374, 384 (5th Cir. 2022) (alteration in original) (quoting *Burciaga*, 871 F.3d at 384–85) (internal quotation marks omitted). Nevertheless, the *Rooker-Feldman* doctrine is narrow and "does not prohibit a plaintiff from presenting some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party." *Truong v. Bank of Am., N.A.*, 717 F.3d 377, 382 (5th Cir. 2013) (cleaned up) (quoting *Exxon Mobil Corp.*, 544 U.S. at 284, 293). In general, the *Rooker-Feldman* doctrine only applies "where a plaintiff seeks relief that directly attacks the validity of an existing state court judgment." *Weaver v. Tex. Cap. Bank N.A.*, 660 F.3d 900, 904 (5th Cir. 2011) (collecting cases). However, this doctrine cannot be circumvented by asserting "claims framed as original claims for relief" or "by casting a complaint as a civil rights violation." *See Riley v. La. State Bar Ass'n*, 214 F. App'x 456, 458 (5th Cir. 2007) (first quoting *United States v. Shepherd*, 23 F.3d 923, 924 (5th Cir. 1994); and then citing *Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994)).

In the present case, many of Plaintiff's claims, while framed as civil rights violations, actually challenge the validity of Judge McFarling's contempt ruling. Specifically, Plaintiff's false

---

[4] Assuming the contempt order was not "final," Judge McFarling argues that Plaintiff's "claims are barred by the *Younger* abstention doctrine. *See* Dkt. 18 at 8 n.4. Given the Court's conclusion above, it need not reach this argument. However, the Cout notes that *Younger* abstention is inapplicable here because "requests for monetary damages do not fall within the purview of the *Younger* abstention doctrine." *E.g.*, *Saloom v. Tex. Dep't of Fam. & Child Protective Servs.*, 578 F. App'x 426, 429 (5th Cir. 2014) (quoting *Allen v. La. State Bd. of Dentistry*, 835 F.2d 100, 104 (5th Cir. 1988)) (internal quotation marks omitted).

arrest and imprisonment, equal protection, and civil rights conspiracy claims are each premised on the illegality of Plaintiff's arrest pursuant to the contempt order. *See* Dkt. 10 at 16–17, 20–24, 29–30. Thus, the Court "must necessarily 'review and reject' the state court order . . . to properly determine [these] claims." *See, e.g.*, *Welsh v. Thorne*, No. 21-cv-156, 2022 WL 21714766, at *7 (N.D. Tex. June 30, 2022) (quoting *Brown v. Taylor*, 677 F. App'x 924, 927 (5th Cir. 2017)). For this reason, these claims are barred by the *Rooker-Feldman* doctrine.[5]

Furthermore, even after instructing Plaintiff to include "the basis for the Court's jurisdiction over this case," as well as to include "the entirety of Plaintiff's allegations," *see* Dkt. 4 at 9, many claims are so vague and conclusory that the Court cannot determine whether it has subject matter jurisdiction. Specifically, Plaintiff's defamation, special relationship and state created danger, intentional infliction of emotional distress, conspiracy with racial animus, conspiracy to hinder, and conspiracy to impede due course of justice claims provide insufficient factual support from which the Court can evaluate subject matter jurisdiction. *See* Dkt. 10 at 24, 27–28, 30–31. Given Plaintiff's failure to correct these deficiencies after receiving specific instructions, and out of an abundance of caution, these claims should be dismissed without prejudice.[6]

---

[5] The Court notes that, even if these claims were not barred by *Rooker-Feldman*, they would be barred by *Heck*. The *Heck* doctrine bars consideration of federal and state claims requiring a determination which would "necessarily imply the invalidity of a related state criminal conviction or sentence." *See Hughs v. City of Southaven*, No. 18-cv-44, 2019 WL 2503959, at *2, *5 (N.D. Miss. June 17, 2019) (first citing *DeLeon v. City of Corpus Christi*, 488 F.3d 649, 652 (5th Cir. 2007); then citing *Hainze v. Richards*, 207 F.3d 795, 799 (5th Cir. 2000); and then citing *Manos v. Hawk*, No. 14-cv-1128, 2015 WL 1737257, at *9 (N.D. Tex. Feb. 27, 2015), *R. & R. adopted*, 2015 WL 1782217 (N.D. Tex. Apr. 16, 2015)). "The *Heck* bar applies to convictions for civil contempt." *Mitchell v. Kennedy*, No. 13-cv-2460, 2013 WL 4747084, at *3 (N.D. Tex. Sept. 4, 2013) (citing *Lewis v. City of Waxahachie*, 465 F. App'x 383, 385 (5th Cir. 2012). Thus, any claims premised on Plaintiff "being unlawfully detained for contempt of court . . . should also be summarily dismissed." *Id.*

[6] The Court notes that "[t]he plaintiff has the burden of proving subject matter jurisdiction by a preponderance of the evidence." *See Vantage Trailers, Inc. v. Beall Corp.*, 567 F.3d 745, 748 (5th Cir. 2009) (quoting *New Orleans & Gulf Coast Ry. Co.*, 533 F.3d 321, 327 (5th Cir. 2009)).

9

Finally, Plaintiff alleges a few claims which do not challenge the contempt order. Specifically, Plaintiff's excessive force, assault and battery, unreasonable search, municipal liability, and constructive fraud claims are based on Defendants' allegedly unlawful, discriminatory, and unconstitutional conduct during the enforcement of the contempt order. *See* Dkt. 10 at 17–20, 25–26, 31. Furthermore, Plaintiff's alleged damages flow from the conduct of Defendants—not from the contempt order itself. *See, e.g.*, *id.* at 18 ("As a result of the excessive and unreasonable force that Defendants used, Plaintiff suffered damages, forcing the[ir] way into [Plaintiff's] apartment with guns terrorizing his fiance [sic] and childrens [sic] denying the right to see the warrant."). Thus, these claims are not barred by *Rooker-Feldman*. *E.g.*, *Thomas v. State*, 294 F. Supp. 3d 576, 598 (N.D. Tex. 2018); *see Mosley*, 275 F. App'x at 329 (barring claims that "collaterally attack as void the state court judgment ordering the payment of child support" but concluding that subject matter jurisdiction existed with respect to claims "that the defendants violated the [plaintiffs'] constitutional rights in the effort to enforce the child support order"). Because the Court has subject matter jurisdiction over several of Plaintiff's claims, the Court turns to Judge McFarling's and Sheriff Murphree's substantive challenges.

**B.     Substantive Challenges**[7]

In the Motions to Dismiss (Dkts. 18; 27), Judge McFarling and Sheriff Murphree also lodge a number of specific, substantive challenges. *See* Dkts. 18; 27. Specifically, Judge McFarling argues that he is entitled to judicial immunity and, in any event, Plaintiff fails to state a claim upon which relief can be granted. *See* Dkt. 18 at 6, 9. Similarly, Sheriff Murphree

---

[7] Judge McFarling also argues that Plaintiff's claims are barred by claim preclusion, also known as res judicata. *See* Dkt. 18 at 8 n.3. It is unclear how Plaintiff could have brought the present claims against Judge McFarling because: (1) the State Court Action was a child support enforcement proceeding; and (2) Judge McFarling was the presiding judicial officer. *See Sacks v. Tex. S. Univ.*, 83 F.4th 340, 344 (5th Cir. 2023) ("Res judicata bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." (cleaned up)). Likewise, it does not appear that "the parties are identical or in privity." *Id.*

10

contends that he is entitled to qualified immunity, that Plaintiff's claims are barred by the Prison Litigation Reform Act (the "PLRA") because Plaintiff failed to exhaust his administrative remedies, and that Plaintiff fails to state a claim. *See* Dkt. 27 at 8–14. The Court agrees with Judge McFarling and agrees in part with Sheriff Murphree.

### 1. Judicial Immunity

"Judicial immunity is an immunity from suit and not just from the ultimate assessment of damages." *Ballard*, 413 F.3d at 515 (citing *Mireles v. Waco*, 502 U.S. 9, 11 (1991)). When assessing the entitlement to judicial immunity, the Fifth Circuit has held that "[i]t is the Judge's actions alone, not intent, that we must consider." *Malina v. Gonzales*, 994 F.2d 1121, 1125 (5th Cir. 1993). Judicial immunity "can be overcome in two sets of circumstances: (1) 'a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity'; and (2) 'a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction.'" *Ballard*, 413 F.3d at 515 (quoting *Mireles*, 502 U.S. at 11–12). A judge's actions are judicial in nature if they are "normally performed by a judge" and the parties affected "dealt with the judge in his judicial capacity." *Mireles*, 502 U.S. at 12 (quoting *Stump v. Sparkman*, 435 U.S. 349, 362 (1978)).

In the present case, Plaintiff's allegations against Judge McFarling are threadbare, conclusory, vague, and unspecific.[8] As a result, Plaintiff failed to allege that Judge McFarling's actions were taken outside the scope of his judicial capacity. Thus, the Court finds that Judge McFarling is entitled to judicial immunity because Plaintiff has not shown that his "actions

---

[8] *See, e.g.*, Dkt. 10 at 19 ("By using excessive and unjustified force against Plaintiff, Defendants, jointly and in concert, intentionally and without justification or excuse caused Plaintiff to suffer physical injuries."); *id.* at 20 ("Defendants deprived Plaintiff of his right to be free from illegal search by searching his apartment without a warrant terrorizing his family."); *id.* at 26 ("Despite the need for adequate training for police officers responding to 911 calls about alleged crimes in process, [sic] Defendant Denton County Sheriff [sic] department has maintained, and continues to maintain, a policy of providing inadequate training for police officers."); *id.* at 31 ("Defendants abused the trust, obtaining unjust enrichment of payments from the [child support] agency and an approximate result from [P]laintiff's loss.").

11

were nonjudicial in nature or that the actions were taken in the complete absence of all jurisdiction." *Liptak v. Banner*, No. 01-cv-953, 2002 WL 378440, at *2 (N.D. Tex. Mar. 7, 2002) (citing *Mireles*, 502 U.S. at 11–12); *see id.* at *3 ("Conclusory allegations suggesting that the [defendants] have acted pursuant to a conspiracy are not sufficient to avoid absolute judicial immunity." (collecting cases)). Because Judge McFarling is entitled to judicial immunity, Plaintiff's remaining claims of excessive force, assault and battery, unreasonable search, municipal liability, and constructive fraud should be dismissed with prejudice.

### 2. Qualified Immunity[9]

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Qualified immunity "gives government officials breathing room to make reasonable but mistaken judgments," and "protects 'all but the plainly incompetent or those who knowingly violate the law.'" *Ashcroft v. al-Kidd*, 563 U.S. 731, 743 (2011) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)). A court should not deny immunity unless "existing precedent . . . placed the statutory or constitutional question beyond debate." *al-Kidd*, 563 U.S. at 741 (first citing *Anderson v. Creighton*, 483 U.S. 635, 640 (1987); and then citing *Malley*, 475 U.S. at 341).

"To defeat a claim of qualified-immunity, the plaintiff has the burden to demonstrate the inapplicability of the defense." *McLin v. Ard*, 866 F.3d 682, 689 (5th Cir. 2017) (citation omitted).

---

[9] Sheriff Murphree generally argues that Plaintiff's claims are barred by qualified immunity, *see* Dkt. 27 at 8, but he does not appear to recognize that many of Plaintiff's claims arise under Texas law. *See id.* at 8–10. "Federal qualified immunity does not apply to state-law claims," and Sheriff Murphree has not briefed any theory of immunity "as a matter of Texas law." *See Tuttle v. Sepolio*, 68 F.4th 969, 976 (5th Cir. 2023) (citing *Brown v. Miller*, 519 F.3d 231, 238–39 (5th Cir. 2008)). Thus, the Court only considers Sheriff Murphree's qualified immunity defense as it relates to Plaintiff's federal claims arising under 42 U.S.C. § 1983.

12

To rebut a defendant's claim of qualified immunity, the plaintiff must show: "(1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (quoting *al-Kidd*, 563 U.S. at 735) (internal quotation marks omitted). "Courts have discretion to decide which prong of the qualified-immunity analysis to address first." *Morgan v. Swanson*, 659 F.3d 359, 371 (5th Cir. 2011) (en banc) (quoting *Pearson*, 555 U.S. at 236).

For the reasons discussed above, Sheriff Murphree is entitled to qualified immunity with respect to Plaintiff's federal claims arising under § 1983. *See supra* note 9. Plaintiff's allegations are threadbare, conclusory, vague, and unspecific. *See supra* note 8. For example, Plaintiff asserts that, in "detaining" him, "Defendants" used "excessive and unreasonable force." Dkt. 10 at 18. Plaintiff does not sufficiently allege what "force" was used against him, nor does Plaintiff allege which of the "Defendants" used such force. *See* Dkt. 10; *see also Est. of Davis ex rel. McCully v. City of North Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005) ("Supervisory officials cannot be held liable under [§] 1983 for the actions of subordinates . . . on any theory of vicarious or *respondeat superior* liability." (collecting cases)). Despite the Court specifically instructing Plaintiff to "include the entirety of [his] allegations" in his amended pleading, Dkt. 4 at 9, Plaintiff again relies on vague allegations of misconduct. As a result, Plaintiff cannot "overcome the qualified-immunity defense" because he failed to "plead specific facts" demonstrating that Sheriff Murphree is "liable for the harm caused and that qualified immunity does not apply." *See Hall v. Tex. Comm'n on Law Enf't*, 685 F. App'x 337, 338 (5th Cir. 2017) (per curiam) (citing *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012)). As Sheriff Murphree is entitled to qualified immunity, Plaintiff's claims of excessive force, assault and battery, unreasonable search, municipal liability, and constructive fraud claims should be dismissed with prejudice.

### 3. Prison Litigation Reform Act

The PLRA states in relevant part: "No action shall be brought with respect to prison conditions under [§] 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This exhaustion requirement is not jurisdictional. *See, e.g.*, *Clifford v. Gibbs*, 298 F.3d 328, 333 (5th Cir. 2002) (citation omitted).

In the present case, Sheriff Murphree does not identify which of Plaintiff's claims relate to "prison conditions." *See* Dkt. 27. Indeed, it appears that Plaintiff's claims relate to events prior to his incarceration. *See* Dkt. 10. In any event, Plaintiff was released from jail long before the present lawsuit was initiated. *See id.* at 15 ("I was incarcerated from June 25 of 2021 until December 23 of 2021."). Because Plaintiff was not incarcerated when he filed this suit, the PLRA is inapplicable. *See Harvey v. LaSalle Corr.*, No. 13-2403, 2014 WL 5025947, at *2 (W.D. La. Oct. 8, 2014) ("However, in this case, the PLRA does not apply because [the plaintiff] was not a prisoner when he filed suit." (citing *Janes v. Hernandez*, 215 F.3d 541 (5th Cir. 2000))).

### 4. Failure to State a Claim

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a defendant to move for dismissal of an action if the plaintiff fails to state a claim upon which relief can be granted. *See* FED. R. CIV. P. 12(b)(6). "In evaluating motions to dismiss filed under Rule 12(b)(6), the court 'must accept all well-pleaded facts as true, and . . . view them in the light most favorable to the plaintiff.'" *Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) (quoting *Campbell v. Wells Fargo Bank, N.A.*, 781 F.2d 440, 442 (5th. Cir. 1986)). "Further, '[a]ll questions of fact and any ambiguities in the controlling substantive law must be resolved in the plaintiff's favor.'" *Id.* (quoting *Lewis v. Fresne*, 252 F.3d 352, 357 (5th Cir. 2001)). However,

courts are not bound to "presume true a number of categories of statements, including legal conclusions; mere labels, threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement." *Johnson v. Harris County*, 83 F.4th 941, 945 (5th Cir. 2023) (quoting *Armstrong v. Ashley*, 60 F4th 262, 269 (5th Cir. 2023)) (internal quotation marks omitted).

"The well-pleaded facts must permit the court 'to infer more than the mere possibility of misconduct.'" *Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). That is, the complaint "must allege enough facts to move the claim 'across the line from conceivable to plausible.'" *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011), *as revised* (Dec. 16, 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether the plausibility standard has been met is a 'context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.* (quoting *Iqbal*, 556 U.S. at 663–64).

Regardless of whether Judge McFarling and Sheriff Murphree are entitled to immunity, Plaintiff has failed to allege facts sufficient to move his claims across the line from conceivable to plausible; that is, Plaintiff's threadbare, conclusory, vague, and unspecific assertions are not enough to state a claim upon which relief can be granted. *See Iqbal*, 556 U.S. at 678 ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." (cleaned up)). For this reason, Plaintiff's remaining claims against Judge McFarling and Sheriff Murphree should be dismissed with prejudice.

## C. Leave to Amend

A "plaintiff's failure to meet the specific pleading requirements should not automatically or inflexib[ly] result in dismissal of the complaint with prejudice to re-filing." *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000) (citation omitted). Further, a *pro se* litigant should generally be offered an opportunity to amend his complaint before it is dismissed. *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009) (per curiam) (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam)). While leave to amend should be "freely given, that generous standard is tempered by the necessary power of a district court to manage a case." *Strickland v. Bank of N.Y. Mellon*, 838 F. App'x 815, 821 (5th Cir. 2020) (citing *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 566 (5th Cir. 2003)). Thus, "[g]ranting leave to amend is not required . . . if the plaintiff has already pleaded his 'best case.'" *Id.* at 768 (quoting *Bazrowx*, 136 F.3d at 1054). The Court can deny leave to amend where such an amendment would be futile. *See, e.g.*, *Isom v. U.S. Dep't of Homeland Sec.*, No. 20-cv-948, 2021 WL 2232052, at *3 (E.D. Tex. Apr. 28, 2021), *R. & R. adopted*, 2021 WL 2224345 (E.D. Tex. June 2, 2021).

In the present case, the Court has already provided Plaintiff with an opportunity to amend his allegations. *See* Dkt. 4 at 9. At that time, the Court notified Plaintiff of the defects in his pleading, and specifically instructed Plaintiff regarding what must be included in his amended pleading, if any, including "the basis for the Court's jurisdiction" and "the entirety of Plaintiff's allegations." Dkt. 4 at 9. Despite this guidance, Plaintiff again failed to plead meritorious claims for relief. Thus, Plaintiff has provided no indication that, if given another opportunity to amend his pleading, he would be able to cure the deficiencies identified herein. Furthermore, the Court notes that Plaintiff is a vexatious litigant and has filed several unmeritorious actions related to the events giving rise to this lawsuit. *See In re Rosa*, No. 02-23-413-CV, 2023 WL 8467504 (Tex.

16

App.—Fort Worth, Dec. 7, 2023) (mem. op.) (writ of mandamus); *In re Rosa*, 2021 WL 4352380 (habeas petition); *Rosa v. Denton Cnty. Sheriff's Dep't*, No. 21-cv-950, 2023 WL 2484312 (E.D. Tex. Jan. 25, 2023) (habeas petition), *R. & R. adopted*, 2023 WL 2479604 (E.D. Tex. Mar. 13, 2023); *Rosa v. Denton Cnty. Child Support Agency*, No. 21-cv-585, 2021 WL 4823281 (E.D. Tex. Aug. 23, 2021) (habeas petition), *R. & R. adopted*, 2021 WL 4819615 (E.D. Tex. Oct. 5, 2021). For all of these reasons, the Court finds that Plaintiff has pleaded his best case and, thus, additional amendment would unnecessarily forestall the inevitable dismissal of Plaintiff's claims.

### III.   RECOMMENDATION

For the foregoing reasons, the Court recommends the Motions to Dismiss (Dkts. 18; 27) be **GRANTED**.

The Court further recommends that the following claims against Judge McFarling and Sheriff Murphree be **DISMISSED WITHOUT PREJUDICE**: (1) false arrest; (2) equal protection; (3) civil rights conspiracy; (4) defamation; (5) special relationship and state created danger; (6) intentional infliction of emotional distress; (7) false arrest and imprisonment; (8) conspiracy with racial animus; (9) conspiracy to hinder provision of equal protection; and (10) conspiracy to impede due course of justice.

The Court further recommends that the following claims against Judge McFarling and Sheriff Murphree be **DISMISSED WITH PREJUDICE**: (1) excessive force; (2) assault and battery; (3) unreasonable search; (4) municipal liability; and (5) constructive fraud.

Plaintiff's claims against Mr. Hill remain pending.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

A party filing objections is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *see also Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten (10) to fourteen (14) days).

**So ORDERED and SIGNED this 24th day of June, 2024.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE