# United States District Court

EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| RODOLFO G. ROSA | § |
| | § |
| v. | § Civil Action No. 4:23-CV-129 |
| | § (Judge Mazzant/Judge Durrett) |
| BRENT HILL, ET AL. | § |

### MEMORANDUM OPINION & ORDER

Pending before the Court is Defendant Brent Hill's Motion to Dismiss (Dkt. #43). Having considered Defendant's Motion (Dkt. #43), *pro se* Plaintiff Rudolfo G. Rosa's Response (Dkt. #45), and all other relevant filings, the Court finds that Defendant's Motion to Dismiss (Dkt. #43) should be granted.

On February 17, 2023, Plaintiff initiated this lawsuit by filing a Complaint against Judge McFarling, alleging claims arising out of a child support enforcement action in Texas state court (the "State Court Action") (Dkt. #1). On June 30, 2023, Plaintiff filed an Amended Complaint, adding, *inter alia,* Defendant Brent Hill as a party (Dkt. #10). Defendant was Plaintiff's attorney in the State Court Action (Dkt. #10 at p. 14). The entirety of Plaintiff's allegations with respect to Defendant read: "My attorney [Hill] did nothing to stop this case. He was an incompetent attorney. My attorney was ineffective. This is a violation of the Plaintiff's rights." (Dkt. #10 at p. 15). On June 28, 2024, Defendant filed a Motion to Dismiss (Dkt. #43). Defendant argues that 1) Plaintiff failed to state a claim against Defendant; 2) the claims violate 28 U.S.C. § 1915 in that they are frivolous, malicious, and fail to state a claim upon which relief may be granted; 3) Plaintiff lacks standing; and 4) Plaintiff's claims are barred by the *Rooker-Feldman* doctrine (Dkt. #43 at p. 2). On

July 1, 2024, Plaintiff filed a Response, and relying heavily on criminal law, argues that he sufficiently stated a claim for the ineffective assistance of counsel (Dkt. #45).

"To survive a motion to dismiss [pursuant to Federal Rule of Civil Procedure 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).[1] A court generally may not "go outside the complaint" in considering a Rule 12(b)(6) motion but may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citation omitted); *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003).

To the extent that Plaintiff complains of Defendant's involvement in the State Court Action, such claims are barred by the *Rooker-Feldman* doctrine. "Reduced to its essence, the *Rooker-Feldman* doctrine holds that inferior federal courts do not have the power to modify or reverse state court judgments except when authorized by Congress." *Uptown Grill, L.L.C. v. Camellia Grill Holdings, Inc.*, 46 F.4th 374, 384 (5th Cir. 2022) (citations omitted) (cleaned up). "The doctrine is jurisdictional." *Id.* "In addition to the precise claims presented to the state court, *Rooker-Feldman* prohibits federal court review of claims that are inextricably intertwined with a state court decision." *Id.* (cleaned up). Moreover, "[f]ederal courts have consistently applied the

---

[1] To assess the sufficiency of a complaint, the court first identifies conclusory allegations and disregards them, for they are "not entitled to the assumption of truth," and then considers whether the remaining allegations "plausibly suggest an entitlement to relief." *Iqbal*, 556 U.S. at 681. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678).

2

*Rooker–Feldman* doctrine as a bar to federal jurisdiction over matters related to the family disputes of divorce and child support." *Runnels v. Charles*, No. 6:20CV126, 2020 WL 1897367, at *2 (E.D. Tex. Mar. 18, 2020), *report and recommendation adopted,* No. 6:20-CV-00126, 2020 WL 1891717 (E.D. Tex. Apr. 16, 2020). Here, Defendant represented Plaintiff in the State Court Action, which involved the enforcement of a child support order. Thus, Plaintiff's claims against Defendant are "related to the family dispute[] of. . . child support" and are barred by the *Rooker-Feldman* doctrine. *See id.* (dismissing a complaint containing an ineffective assistance of counsel claim under *Rooker-Feldman* because the "basis" of the complaint was Plaintiff's underlying child support proceedings). Plaintiff relies almost entirely on criminal case law in his Response, and does not address the *Rooker-Feldman* doctrine (Dkt. #45). Defendant's Motion to Dismiss should therefore be granted because this Court lacks jurisdiction.[2]

## CONCLUSION

Accordingly, it is **ORDERED** that Defendant Brent Hill's Motion to Dismiss (Dkt. #43) is **GRANTED**. Plaintiff Rudolfo Rosa's claims against Defendant Brent Hill are **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED**.
SIGNED this 19th day of March, 2025.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

---

[2] Because the Court finds that it does not have jurisdiction, it does not reach the other arguments raised in Defendant's Motion to Dismiss (Dkt. #43).